# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN EDWIN WEAVER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-01386 |
| | ) | Judge Trauger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

### I. Introduction

Pending before the court are the Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1) and supporting briefs (Docket Nos. 7, 8, 14, 33); an Amended Motion To Vacate, Set Aside, Or Correct Sentence (Docket No. 39), filed by counsel for the Petitioner; and the Government's Responses (Docket No. 31, 43).

By Order entered December 7, 2016 (Docket No. 46), now-retired Judge John T. Nixon ordered that this case be held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016). This case was subsequently randomly reassigned to the undersigned Judge. The Supreme Court issued its decision in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 891, 197 L. Ed. 2d 145 (2017) on March 6, 2017. Thus, the Petitioner's claims are ripe for decision.

For the reasons set forth herein, the Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1) and the Amended Motion To Vacate, Set Aside, Or Correct Sentence (Docket No. 39) are DENIED, and this action is DISMISSED.

## II. Procedural Background

The Petitioner pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). (Docket Nos. 19, 20, 33 in Case No. 3:12cr00180). Through their Plea Agreement, the Government and the Petitioner agreed to a total sentence of 64 months of imprisonment and the Petitioner acknowledged that he had a prior October 15, 2009 conviction for Evading Arrest in Hardin County, Tennessee, Case #8999. (Id.) At the subsequent sentencing hearing, on June 17, 2013, Judge Nixon imposed the agreed 64-month sentence. (Docket Nos. 27, 28, 29, 31, 32 in Case No. 3:12cr00180). The record indicates that no appeal was taken.

## III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "' must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.

2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing because the records conclusively establish that the Petitioner is not entitled to relief on the issues raised.

B. Ineffective Assistance of Counsel

In his *pro se* Motion To Vacate and other filings, the Petitioner claims that his trial counsel provided ineffective representation for failing to challenge the validity of his prior conviction for evading arrest. Absent that state conviction, the Petitioner argues, his federal felon in possession of a firearm charge would not be viable.

In order to prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004). The court need not address both requirements if the petitioner makes an insufficient showing on one. *Strickland*, 104

S.Ct. at 2069.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 104 S.Ct. at 2052; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*, at 2052. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011).

The Petitioner contends that the evading arrest conviction at issue should have been listed in the state court records as a misdemeanor rather than a felony. To support his argument, the Petitioner has filed as an exhibit an Order issued by the Tennessee Board of Probation and Parole, dated Jan. 4, 2011, which states that on October 8, 2009, he was "sentenced to ONE YEAR, but that sentence was suspended and defendant placed on probation." (Docket No. 14-1, at 1). The Order identifies the Case Number as 8999, and the Charge as "Felony Evading Arrest" and "Misd. Evading Arrest." (Id.)

The Petitioner has also filed a spreadsheet of unknown origin that appears to list his prior convictions for a certain period of time. (Docket No. 14-1, at 2). The spreadsheet lists what appears to be two charges for "Evading Arrest," and for the second charge, lists a "Violation

4

Date" of October 19, 2008, a "Filing Date" of October 20, 2008, and a "Disposition Date" of January 20, 2009. (Id.) The "Disposition" is listed as "Guilty Plea" and "M" is listed in the space for "Felony/Mis." (Id.) The spreadsheet does not provide information as to the court or county of conviction, nor does it indicate whether the case numbers listed on the spreadsheet were assigned by a court or some other entity.

In its Response (Docket No. 31), the Government contends that Petitioner has failed to establish his ineffective assistance of counsel claim because he has not shown that the evading arrest conviction at issue was a misdemeanor as he claims. The Government points out that the Petitioner admitted the prior felony evading arrest conviction in his Plea Agreement, and did not object to the conviction as reflected in the Presentence Investigation Report ("PSIR"). The Government has also filed the PSIR and the state court judgment to support its argument. The PSIR indicates that the Petitioner was arrested on October 21, 2008 for Evading Arrest in Case No. 8999 of the Hardin County Circuit Court. (Docket No. 31-2, at ¶ 42). According to the PSIR, the Petitioner pled guilty and, on October 15, 2009, was sentenced to one year of custody, all but 30 days suspended, and was placed on probation for one year. (Id.) The PSIR also identifies the conviction as a felony. (Id., at ¶ 19).

Perhaps explaining the spreadsheet submitted by the Petitioner, the PSIR also separately lists a misdemeanor conviction in Hardin County General Sessions Court for Evading Arrest in Case No. CR2-08-2663 for which the Petitioner was sentenced to 30 days of custody, all but 10 days suspended, on January 20, 2009. (Id., at ¶ 43). The Petitioner was arrested for both charges on the same day. (Id.) He was not assigned any criminal history points for the misdemeanor conviction. (Id.)

The Judgment filed by the Government reflects that the Petitioner pled guilty on October

5

8, 2009 to Evading Arrest, in violation of Tennessee Code Annotated Section 39-16-603(b)(1), a Class E Felony, and was sentenced by the Hardin County, Tennessee Circuit Court on October 15, 2009 to one year of imprisonment with an "Alternative Sentence" of probation after 30 days. (Docket No. 31-1). Tennessee Code Annotated Section 39-16-603(b)(1) prohibits the use of a motor vehicle to evade a law enforcement officer, and Subsection (b)(3) provides that a violation of Subsection (b)(1) is a Class E felony.[1] Although the statute provides that evading a law enforcement officer without the use of a motor vehicle is a misdemeanor, that offense is part of Subsection (a), not Subsection (b).

Having considered the evidence submitted by the parties, the court concludes that the Petitioner has failed to establish that he was prejudiced by any failure of trial counsel to argue that the evading arrest conviction was a misdemeanor. Although the Petitioner had a misdemeanor conviction for that offense, that offense did not serve as the basis for the felon in possession of a firearm charge. Accordingly, the Petitioner's ineffective assistance of counsel claim is without merit.

C. Johnson v. United States

Through his Amended Motion To Vacate, the Petitioner claims that his sentence should be vacated because the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) undermines the validity of Section 2K2.1 of the Sentencing Guidelines, which was used to determine his offense level at sentencing. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have

---

[1] Certain language, not relevant here, was added to the statute in 2016.

three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(Emphasis added). After the *Johnson* decision was issued, several courts applied its reasoning to invalidate the identically-worded portion of the definition of "crime of violence" set forth in the Sentencing Guidelines.[2] *See, e.g., United States v. Pawlek,* 822 F.3d 902 (6th Cir. 2016). The

---

[2] Section 2K2.1(a)(4)(A), which was applied to the Petitioner at sentencing, provides for an offense level of 20 if the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Application Note 1 to the Guideline incorporates the definition of "crime of violence" used in Sentencing Guideline Section 4B1.2(a). When the Petitioner was sentenced, the term was defined in Section 4B1.2(a) as follows, with the "residual clause" set forth in italics:

> (a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

7

Petitioner relies on the reasoning of these decisions in arguing that the Sentencing Guidelines that were applied to him are unconstitutionally void for vagueness. More specifically, the Petitioner argues that his sentence was enhanced because his prior conviction for evading arrest was improperly considered to be a "crime of violence" under the residual clause of the definition.

In its Response, the Government argues that the Petitioner's claim is dependent on the outcome of the Supreme Court's decision in *Beckles*.

In *Beckles v. United States,* 137 S. Ct. at 891, the Court held that, unlike the statute at issue in *Johnson,* the Sentencing Guidelines are advisory, and therefore, the definitions in the Guidelines, including the residual clause, are not subject to a vagueness challenge under the Due Process Clause. Thus, even if the Petitioner's evading arrest conviction qualified as a "crime of violence" under the Sentencing Guidelines' residual clause definition, application of that definition was not unconstitutional. The Petitioner has not suggested that the *Beckles* decision is inapplicable to his claim, nor has he raised an alternative challenge to his conviction or sentence. Accordingly, the Petitioner's Amended Motion To Vacate is without merit.

IV.  Conclusion

For the reasons set forth herein, the court concludes that the Petitioner's request for Section 2255 relief is without merit. Accordingly, the Petitioner's Motion To Vacate and

---

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a)(2) (Emphasis added).

Through Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, the Sentencing Commission deleted the residual clause portion of the definition and replaced it with language that enumerates specific offenses.

8

Amended Motion To Vacate are denied and this action is dismissed.

If the Petitioner gives timely notice of an appeal from the court's Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. *Castro v. United States,* 310 F.3d 900 (6th Cir. 2002).

It is so **ORDERED.**

Enter this 31st day of May 2017.

_____
ALETA A. TRAUGER
U.S. District Judge